## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

RAH ENTERPRISES LLC,               Civil Action No.:

      Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

**COMES NOW** Plaintiff, RAH ENTERPRISES LLC, by and through its undersigned counsel, and hereby submits this its Complaint against Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, and in support of its Complaint, alleges and avers as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking economic and non-economic damages arising from Defendant's breach of contract, bad faith conduct, unreasonable delay, and unreasonable denial in the payment of covered benefits due and owing under Plaintiff's first-party insurance contract.

### PARTIES

2.     Plaintiff, RAH Enterprises LLC ("Plaintiff" or "RAH Enterprises") is a Colorado Limited Liability Company with its principal office in Arvada, Colorado.

3.     RAH Enterprise LLC has one member, Rick A. Hartley, a natural person and citizen of Colorado, domiciled in Lakewood, Colorado.

4.      Defendant, Travelers Casualty Insurance Company of America ("Travelers"), is a mutual insurance company organized and existing under the laws of the state of Connecticut and is licensed to do and doing business in the state of Colorado.

## JURISDICTION AND VENUE

5.      This court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property which is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff is the owner of real property located at 5076 West 58th Avenue, Arvada, Colorado 80002 ("Property").

7.      Plaintiff purchased a Commercial Property Coverage Policy of insurance from Defendant under Policy Number 680-1C741911 (the "Policy").[1]

8.      The Policy provides $1,477,366.00 in property damage coverage for Plaintiff's Property.

9.      The Policy includes a deductible in the amount of $29,547.00.

10.     The Policy is an all risk policy of insurance.

11.     The Policy is a replacement cost value policy and covers loss to Plaintiff's Property.

12.     The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

---

[1] Plaintiff has made several requests for a certified copy of the Policy to no avail.

13.     The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

14.     The Policy does not include a cosmetic exclusion or cosmetic endorsement.

15.     Under the Policy, Travelers is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

16.     Under the Policy, Travelers agreed to adjust all losses with its insured fairly and timely.

17.     Plaintiff paid the premiums due under the Policy in a timely manner.

18.     Plaintiff performed all duties and responsibilities required of it under the Policy.

19.     On or about May 8, 2017, during the Policy period, Plaintiff suffered direct physical loss and/or damage at the Property resulting from hail and/or wind.

20.     The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

21.     Plaintiff timely reported the covered loss and damage to Travelers, and made a claim for the loss and damage to the Property.

22.     Travelers assigned Claim Number FAE1528001H to the Property loss.

23.     Travelers assigned its adjuster, Joshua Drury, to investigate and adjust Plaintiff's claim for direct physical loss and/or damage at the Property.

24.     On or about June 7, 2017, Travelers issued a denial letter to Plaintiff. A copy of Travelers Denial Letter is attached hereto as **Exhibit "A."**

25.     Travelers' Denial Letter indicated that its damage estimate was below Plaintiff's policy deductible of $29,547.00.

26.     Travelers failed to provide Plaintiff with a copy of the damage estimate it relied upon in denying Plaintiff's claim.

27.     On or about July 1, 2017, Plaintiff requested a reinspection of the Property which occurred shortly thereafter.

28.     On or about July 1, 2017, Travelers reassigned the claim a new adjuster, Nathan Kinn.

29.     On or about July 7, 2017, one month after completely denying its insured's claim for damages, Travelers provided its second damage estimate to Plaintiff which outlined covered damages in the amount of $193,257.86. A copy of Travelers' Second Damage Estimate is attached hereto as **Exhibit "B."**

30.     Travelers' Second Damage Estimate included an additional $163,710.86 in covered damages that were not provided in Travelers' First Damage Estimate.

31.     Travelers' failure to include $193,257.86 in covered damages within its First Damage Estimate that were subsequently identified in its Second Damage Estimate resulted in the delay of payment of $193,257.86 in covered benefits without a reasonable basis.

32.     Travelers' Second Damage Estimate omitted obvious covered damages in an effort to effectuate a deceptively low settlement.

33.     The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the local building codes of Jefferson County, Colorado.

34.     The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the local zoning codes of Jefferson County, Colorado.

35.     The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the local building codes of Arvada, Colorado.

36.    The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the local zoning codes of Arvada, Colorado.

37.    The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the International Building Code (IBC).

38.    The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the International Residential Code (IRC).

39.    The scope of the repairs outlined in Travelers' Second Damage Estimate did not adhere to the International Energy Conservation Code (IECC).

40.    Travelers' Second Damage Estimate failed to include 2" insulation ISO board as required by current building codes.

41.    Travelers' Second Damage Estimate failed to include perlite cant strips as required by current building codes.

42.    Travelers' Second Damage Estimate failed to provide for the replacement of rubber roofing throughout the front elevation of the building.

43.    Travelers' Second Damage Estimate failed to provide for metal trim throughout the front elevation.

44.    Travelers' Second Damage Estimate failed to provide for a damaged steel door on the front elevation.

45.    Travelers' Second Damage Estimate failed to provide for damaged paint to the entire exterior of the building.

46.    Travelers' Second Damage Estimate failed to provide for several large signs that were severely damaged by hail and retaining water.

47.     Travelers' Second Damage Estimate failed to provide for a driveway coating or repainting of damaged lines for parking.

48.     Travelers' Second Damage Estimate failed to provide for commercial roofing permits required by the City of Arvada.

49.     Travelers' Second Damage Estimate failed to provide for the removal and replacement of a damaged stop/traffic sign.

50.     Travelers' Second Damage Estimate failed to provide for the removal and replacement of the front metal canopy.

51.     Travelers' Second Damage Estimate failed to provide for a temporary toilet.

52.     Plaintiff is reasonably likely to retain the services of a general contractor based on the complexity and coordination required to complete the repairs outlined in Travelers' Second Damage Estimate.

53.     Despite the complexity and coordination required to complete the repairs outlined in Travelers' Second Damage Estimate, Travelers' Second Damage Estimate improperly excludes general contractor overhead and profit.

54.     Travelers' failure to provide general contractor overhead and profit within its Second Damage Estimate has resulted in the delay and denial of covered benefits to Plaintiff without a reasonable basis.

55.     As a result of Travelers' poor investigation, Plaintiffs retained Michael Michio of Claims Adjusters Group, Inc. ("CAG"), Michio is a Colorado state licensed public adjuster, to assist in the adjustment of Plaintiff's claim for direct physical loss and damage to the Property resulting from a hail and/or wind storm occurring on or about May 8, 2017.

56.     On or about August 22, 2017, Plaintiff submitted its damage estimate which outlined $301,231.97 in replacement cost value covered damages. A copy of Plaintiff's Damage Estimate is attached hereto as **Exhibit "C."**

57.     Plaintiff's Damage Estimate did not include $44,924.14 in necessary code upgrades.

58.     Plaintiff's Damage Estimate did not include $36,294.73 in covered damages to exterior signs on the Property.

59.     On or about September 11, 2017, Travelers advised Plaintiff that its claim for damages was reassigned to a new adjuster, Keegan Crowther.

60.     On or about November 9, 2017, Plaintiff's representative, CAG, requested Travelers release Plaintiff's recoverable depreciation in the amount of $26,339.10.

61.     On or about November 12, 2017, Plaintiff's representative, CAG, for a second time, requested Travelers release Plaintiff's recoverable depreciation in the amount of $26,339.10.

62.     Shortly thereafter, Travelers' released $14,032.94 in recoverable depreciation to Plaintiff.

63.     On or about November 15, 2017, Travelers representative, Keegan Crowther, apologized for Travelers' delay. A copy of Travelers Apology Correspondence is attached hereto as **Exhibit "D."**

64.     On or about November 15, 2017, Travelers provided its third damage estimate to Plaintiff which outlined covered damages in the amount of $337,015.24. A copy of Travelers' Third Damage Estimate is attached hereto as **Exhibit "E."**

65.     Travelers' Third Damage Estimate included an additional $143,757.38 in covered damages that were not provided in Travelers' First or Second Damage Estimates.

66.     Travelers' failure to include $143,757.38 in covered damages within its First or Second Damage Estimates that were subsequently identified in its Third Damage Estimate resulted in the delay of payment of $143,757.38 in covered benefits without a reasonable basis.

67.     Travelers' Third Damage Estimate failed to include any covered damages to the left elevation of the Property.

68.     Travelers' Third Damage Estimate failed to include all covered damages to the front and right elevation of the Property.

69.     Travelers' has refused to release Plaintiff's recoverable depreciation in the amount of $12,306.16.

70.     It is apparent from Travelers' conduct that Travelers adopted a plan or approach to delay, as much as possible, its handling and payment of Plaintiff's claim.

71.     Plaintiff has fulfilled all duties required of them under the Policy after discovery of the loss.

72.     Plaintiff has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Defendant.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

73.     Plaintiff realleges and reaffirms Paragraphs 1-72 as if fully set forth herein.

74.     Plaintiff purchased an all risk policy requiring Travelers to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

75.     The Policy between Plaintiff and Travelers is a binding contract.

76.     Plaintiff paid premiums and otherwise performed all conditions precedent to recovery of benefits under its Policy with Travelers.

77.     Travelers has denied certain covered damages and continues to delay and deny certain claimed damages.

78.     Travelers' failure to honor its obligations under the Policy is a breach of contract.

79.     Travelers' breach of contract has damaged, and continues to damage Plaintiff.

80.     Plaintiff is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, RAH Enterprises LLC, respectfully requests this Court enter judgment against, Defendant, Travelers Casualty Insurance Company of America, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

81.     Plaintiff realleges and reaffirms Paragraphs 1-80 as if fully set forth herein.

82.     Under the Policy and Colorado law, Travelers had a duty to act reasonably and in good faith in the handling of Plaintiff's claim.

83.     Under the Policy and Colorado law, Travelers had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiff and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

84.     Under the Policy and Colorado law, Travelers owes Plaintiff the duty of good faith and fair dealing.

85.     Travelers had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

86.     Travelers sold Plaintiff the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

87.     Travelers knew that Plaintiff purchased the Policy to protect its Property in the event of a loss.

88.     Plaintiff has cooperated with Travelers in the processing of its claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

89.     Plaintiff has cooperated with Travelers in the investigation of its claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

90.     Plaintiff has not erected any obstacles to Travelers' ability to investigate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

91.     Plaintiff has not erected any obstacles to Travelers' ability to evaluate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

92.     Travelers disregarded the validity of Plaintiff's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

93.     Travelers failed to treat Plaintiff's interests with equal regard to its own.

94.     Travelers mischaracterized the evidence to the benefit of itself.

95.     Travelers failed to be open and honest in its dealings with Plaintiff.

96.     Travelers failed to conduct a full, fair, and prompt investigation of the claim.

97.     Travelers denied Plaintiff's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

98.     Travelers denied Plaintiff's claim by failing to objectively evaluate Plaintiff's claim based on all available evidence, and not just evidence which Travelers believes supports its position.

99.     Travelers decision to underpay the benefits owed to Plaintiff was intentional and not accidental.

100.    Travelers failed to assist Plaintiff with the presentation of its claim.

101.    Travelers breached its duty to act reasonably and in good faith by, inter alia,

(a)     Conducting an outcome oriented investigation of Plaintiff's loss

(b)     Denying Plaintiff's claim without having documented a reasonable investigation based upon all information

(c)     Failing to provide Plaintiff with the documentation or damage estimate being relied upon to deny Plaintiff's claim

(d)     Providing a damage estimate that did not adhere to local building codes

(e)     Providing a damage estimate that did not adhere to the International Residential Code (IRC)

(f)     Providing a damage estimate that did not adhere to the International Building Code (IBC)

(g)     Providing a damage estimate that did not adhere to the International Energy Conservation Code (IECC)

(h)     omitting obvious covered damages from its second damage estimate in an effort to effectuate a deceptively low settlement

(i)     providing two damage estimates which failed to include 2" insulation ISO board as required by current building codes

(j)     providing two damage estimates which failed to include perlite cant strips as required by current building codes

(k)     providing two damage estimates which failed to provide for the replacement of rubber roofing throughout the front elevation of the building

(l)     providing two damage estimates which failed to provide for metal trim throughout the front elevation

(m)     providing two damage estimates which failed to provide for a damaged steel door on the front elevation

(n)     providing two damage estimates which failed to provide for damaged paint to the entire exterior of the building

(o)     providing two damage estimates which failed provide for several large signs that were severely damaged by hail and retaining water

(p)     providing two damage estimates which failed provide for a driveway coating or repainting of damaged lines for parking

(q)     providing two damage estimates which failed provide for commercial roofing permits required by the City of Arvada

(r)     providing two damage estimates which failed provide for the removal and replacement of a damaged stop/traffic sign

(s)     providing two damage estimates which failed provide for a temporary toilet

(t)     providing two damage estimates which failed provide for over $55,000.00 in contractor's overhead and profit

102.   Travelers failed to conduct a thorough and timely investigation of Plaintiff's claim in accordance with insurance industry claims handling standards and practices.

103.   Among other circumstances, Travelers has committed unfair settlement practices including, without limitation:

(a)   Travelers has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

(b)   Travelers has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(c)   Travelers refuses to pay claims without conducting a reasonable investigation based upon all available information;

(d)   Travelers has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(e)   Travelers has compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

(f)   Travelers has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(g)   Travelers has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)   Travelers encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

104.   Travelers' claims representatives, including Joshua Drury, Nathan Kinn, and Keegan Crowther, received incentive-based compensation to close quickly or reduce claim payments.

105.   Travelers representatives, including Joshua Drury, Nathan Kinn, and Keegan Crowther, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

106.    Travelers improperly denied Plaintiff's claim by providing financial incentives to its personnel, including Joshua Drury, Nathan Kinn, and Keegan Crowther, to determine claims handling.

107.    Travelers improperly set various claims handling goals to reduce the amount paid on claims.

108.    Travelers improperly denied Plaintiff's claim to reduce overall claims payments.

109.    Travelers improperly denied Plaintiff's claim to increase profits.

110.    Travelers improperly denied Plaintiff's claim to maintain its loss ratio.

111.    Travelers improperly denied Plaintiff's claim to meet department goals.

112.    Travelers' conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiff.

113.    Travelers improperly denied Plaintiff's claim by motivating its claims department to pay less on claims that are otherwise owed.

114.    Travelers improperly denied Plaintiff's claim to reduce the average amount paid on overall claims.

115.    Travelers has committed unfair claim settlement practices as alleged in the preceding paragraphs of Plaintiff's Complaint.

116.    Travelers' conduct constitutes a bad faith breach of the insurance contract.

117.    Travelers has committed such actions with such frequency as to indicate a general business practice.

118.    As a direct and proximate result of Travelers' actions, Plaintiff has:

(a)      incurred increased costs to repair, restore and/or replace the significant property damage;

(b)      suffered damages as a proximate result of the misconduct alleged; and

(c)    suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, public adjuster costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, RAH Enterprises LLC, respectfully requests this Court enter judgment against Defendant, Travelers Casualty Insurance Company of America, for damages resulting from bad faith breach of insurance contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

<u>**THIRD CLAIM FOR RELIEF**</u>
**(Unreasonable Delay and Denial of Payment of Covered Benefits**
**Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

119.    Plaintiff re-alleges and reaffirms Paragraphs 1-118 as though fully set forth herein.

120.    Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

121.    Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

122.    Plaintiff is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

123.    Plaintiff suffered a loss covered by the Policy and submitted a claim for that loss to Defendant.

124.    The claimed loss and damage submitted by Plaintiff was covered by the Policy and Plaintiff was owed covered benefits under the Policy.

125.    Travelers delayed payment of covered benefits without a reasonable basis for its actions.

126.    Travelers denied payment of covered benefits without a reasonable basis for its actions.

127.    Among other circumstances, Travelers has unreasonably delayed and denied covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Plaintiff's Complaint.

128.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

129.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely investigate its insured's loss.

130.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by issuing a denial letter without having documented a reasonable investigation based upon all information.

131.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely respond to update requests from Plaintiff.

132.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by failing unnecessarily prolonging its investigation of Plaintiff's claim.

133.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by failing providing Plaintiff with an inadequate settlement offer.

134.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

135.     Travelers unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by improperly withholding general contract overhead and profit associated with the repair of Plaintiff's Property.

136.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not adhere to local building codes.

137.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not adhere to zoning building codes.

138.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not adhere to the International Residential Code (IRC).

139.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not adhere to the International Building Code (IBC).

140.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not adhere to the International Energy Conservation Code (IECC).

141.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not include 2" insulation ISO board as required by current building codes.

142.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to include perlite cant strips as required by current building codes.

143.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for the replacement of rubber roofing throughout the front elevation of the building.

144.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for metal trim throughout the front elevation.

145.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for a damaged steel door on the front elevation.

146.     Travelers' second damage estimate failed to provide for damaged paint to the entire exterior of the building.

147.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for several large signs that were severely damaged by hail and retaining water.

148.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for a driveway coating or repainting of damaged lines for parking.

149.     Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for commercial roofing permits required by the City of Arvada.

150.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for the removal and replacement of a damaged stop/traffic sign.

151.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which failed to provide for a temporary toilet.

152.    Despite clear evidence of covered damages to the Property, Travelers continued to delay and deny indemnification of its own insured without a reasonable basis for doing.

153.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action as demonstrated by its most recent payment in excess of $337,000.00 than its initial denial letter.

154.    Travelers delayed and denied payment of covered benefits without a reasonable basis for its action as demonstrated by failing to release $12,306.16 in recoverable depreciation.

155.    Travelers' actions in the adjustment of Plaintiffs' claim demonstrate an unmistakable complete delay of its Insureds benefits without a reasonable basis for its actions.

156.    Travelers unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by refusing to release recoverable depreciation to Plaintiff.

157.    Travelers unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Plaintiff to retain its own professionals to help properly adjust the loss.

158.    Despite receipt of Plaintiffs' comprehensive estimate, Travelers denied and delayed payment of covered benefits without a reasonable basis for doing so.

159.     Travelers unreasonably delayed and denied Plaintiff's claim to reduce overall claims payments.

160.     Travelers unreasonably delayed and denied Plaintiff's claim to increase profits.

161.     Travelers unreasonably delayed and denied Plaintiff's claim to maintain its loss ratio.

162.     Travelers unreasonably delayed and denied Plaintiff's claim to meet department goals.

163.     Travelers unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Joshua Drury, Nathan Kinn, and Keegan Crowther, to determine claims handling.

164.     Travelers unreasonably delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims, such as Plaintiff's claim for damages, than what is otherwise owed.

165.     Travelers unreasonably delayed and denied Plaintiff's claim to reduce the average amount paid on overall claims.

166.     Travelers unreasonably delayed and denied Plaintiff's claim by asserting coverage positions that it knew were without merit.

167.     Travelers' actions were intended to dissuade Plaintiff in pursuing benefits due and owing under the terms of the policy in bad faith.

168.     Based upon the foregoing Paragraphs is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, RAH Enterprises LLC, respectfully requests this Court enter judgment against Defendant, Travelers Casualty Insurance Company of America, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

169.    Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 2nd day of May, 2018

/s/ Jonathan E. Bukowski
Larry E. Bache, Jr., Esq.
Jonathan E. Bukowski, Esq.
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:  720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com
